**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL S. MOUNTANOS, | No. 14-71580 |
| Petitioner - Appellant, | Tax Ct. No. 8158-10 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from a Decision of the
United States Tax Court

Argued and Submitted May 9, 2016
San Francisco, California

Before: McKEOWN and FRIEDLAND, Circuit Judges and BOULWARE,**
District Judge.

Michael Mountanos appeals the Tax Court's order denying his petition

challenging assessed tax deficiencies and accuracy-related penalties for tax years

2006, 2007 and 2008. We have jurisdiction under 26 U.S.C. § 7482(a). We

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Richard F. Boulware, District Judge for the U.S.
District Court for the District of Nevada, sitting by designation.

review the Tax Court's legal conclusions de novo, *Ann Jackson Family Found. v. Comm'r*, 15 F.3d 917, 920 (9th Cir. 1994), and its factual determinations, including the valuation of assets, for clear error, *Estate of Trompeter v. Comm'r*, 279 F.3d 767, 770 (9th Cir. 2002). We affirm.

In 2005, Mountanos placed a conservation easement over his 882-acre undeveloped property. The easement imposed a number of restrictions, including prohibitions on subdivision and conversion to agricultural use. Mountanos claimed a charitable contribution deduction of $4,691,500 for the easement, applying $1,343,704 to his 2005 federal income tax return and carrying forward the balance to his 2006, 2007 and 2008 returns. In 2010, he received a notice of deficiency from the Commissioner, which he challenged before the Tax Court. The parties do not dispute whether the conservation easement was an eligible deduction; they instead dispute whether the value of the easement exceeded the deduction allowed for Mountanos's 2005 return and whether Mountanos was liable for penalties for grossly overstating the value of the easement. The Tax Court entered a decision in favor of the Commissioner, and denied Mountanos's motion for reconsideration.

We affirm the Tax Court's determination that Mountanos was not entitled to the carry-forward deductions for the reasons stated in the Tax Court's Findings of Fact and Opinion filed on June 3, 2013.[1]

We also affirm the Tax Court's determination that Mountanos is liable for accuracy-related penalties. Under 26 U.S.C. §§ 6662(b)(3), (h), the Commissioner may impose a 40 percent accuracy-related penalty for underpayment of income tax due to a gross valuation misstatement.[2] Prior to 2006, taxpayers could claim a reasonable cause defense. The Pension Protection Act of 2006 ("PPA"), Pub. L. No. 109-280, 120 Stat. 780, eliminated the defense for gross valuation misstatements filed after August 17, 2006. PPA § 1219(a)(3), 120 Stat. at 1084 (codified as amended at 26 U.S.C. § 6664(c)(3)). Mountanos argues that eliminating the reasonable cause defense for gross valuation misstatements for contributions reported prior to the enactment of the PPA is an improper retroactive

---

[1] Even if the Tax Court erred in failing to assign some non-zero value to the potential to subdivide the property into seven separately saleable parcels, this error was harmless. *See Helvering v. Gowran*, 302 U.S. 238, 245-46 (1937). Evidence in the record placed that value at no more than $210,000, which was far less than the amount Mountanos claimed for his 2005 deduction.

[2] Even if the easement had a value up to $210,000, *see* note 1 *supra*, Mountanos remained subject to gross valuation misstatement penalties because the value he claimed for the deduction exceeded that of the easement by over 400%. *See* 26 U.S.C. §§ 6662(e)(1)(A), (h)(2)(A)(i); 26 C.F.R. § 1.6662-5(c).

3

application of the statute. His argument lacks merit. The 2006, 2007 and 2008 returns were subject to the PPA and Mountanos reaffirmed the carry forward amounts in those returns. *See Chandler v. C.I.R.*, 142 T.C. 279, 294 (2014).

**AFFIRMED.**